# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| SECREST, RONALD L | § | Case No. 13-56142 |
| | § | |
| Debtor(s) | § | |

## AMENDED TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter      of the United States Bankruptcy Code was filed on       . The undersigned trustee was appointed on                .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of              $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]        $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____[2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/David M. Whittaker_____
                                                    Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 13-56142 | JEH | Judge: John E. Hoffman, Jr. | Trustee Name: | David M. Whittaker |
|---|---|---|---|---|---|
| Case Name: | SECREST, RONALD L | | | Date Filed (f) or Converted (c): | 08/01/13 (f) |
| | | | | 341(a) Meeting Date: | 09/10/13 |
| For Period Ending: | 01/28/15 | | | Claims Bar Date: | 12/09/13 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Cash on Hand Debtor's Possession | 20.00 | 0.00 | | 0.00 | FA |
| 2. Checking Account with Homeland Credit Union | 0.00 | 0.00 | | 0.00 | FA |
| 3. Savings Account with Homeland Credit Union | 3.00 | 0.00 | | 0.00 | FA |
| 4. Savings Account with USAA | 0.00 | 0.00 | | 0.00 | FA |
| 5. Household Goods and Furnishings Debtor's Possessio | 3,500.00 | 0.00 | | 0.00 | FA |
| 6. Wearing Apparel Debtor's Possession | 2,000.00 | 0.00 | | 0.00 | FA |
| 7. 3 Shotguns 3 Rifles 2 Pistols | 1,600.00 | 0.00 | | 0.00 | FA |
| 8. 2005 Harley Dyna Super Glide 25,000 miles Debtor's | 5,300.00 | 0.00 | | 0.00 | FA |
| 9. 2011 Chevrolet Impala LS 46,000 miles Debtor's Pos | 10,825.00 | 1.00 | | 8,500.00 | FA |

|  |  |  |  | Gross Value of Remaining Assets |
|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $23,248.00 | $1.00 | $8,500.00 | $0.00 |
|  |  |  |  | (Total Dollar Amount in Column 6) |

---

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

The report of meeting of creditors held was filed Sepember 13, 2013. (JULIE)

The Trustee requested a copy of the loan agreement for the Impala showing the date the debtor took possession of the vehicle. September 18, 2013 (JULIE)

The debtor has not provided the trustee with the requested information regarding the date that the debtor took possession of the 2011 Chevrolet Impala. The lien on the Chevrolet Impala was recorded within 90 days of the date of the petition so the trustee needs to know when the debtor took possession of the vehicle so the trustee can determine if the lien was properly perfected or may be avoided as a preference. The trustee will file a motion for a Rule 2004 exam

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page: 2

Exhibit A

| | | |
|---|---|---|
| Case No: | 13-56142    JEH    Judge: John E. Hoffman, Jr. | Trustee Name:    David M. Whittaker |
| Case Name: | SECREST, RONALD L | Date Filed (f) or Converted (c):    08/01/13 (f) |
| | | 341(a) Meeting Date:    09/10/13 |
| | | Claims Bar Date:    12/09/13 |

of the debtor to obtain the necessary information. DMW

The original notice in this case set the claims bar date at 12/09/13. . DMW November 11, 2013, 01:22 pm

The trustee filed an application for authority to employ counsel. November 15, 2013 (JULIE)

The trustee filed a motion for an order (1) requiring the debtor to appear and be examined pursuant to Federal Rule of Bankruptcy Procedure 2004; and (2) requiring the debtor to produce documents. The examination is scheduled for December 19, 2013 at 11 AM in the trustee's offices. The debtor is to produce:

A.   A copy of the contract for the purchase by the Debtor of the 2011 Chevrolet Impala (the "Vehicle") from the Nourse Family of Dealerships of Chillicothe Inc. (Nourse").

B.   A copy of the Delivery Statement showing the date the Vehicle was delivered by Nourse to the Debtor.

C.   A copy of the Note, Retail Contract or other agreement between the Debtor and Regional Acceptance Corporation for the loan by Regional Acceptance Corporation to the Debtor for the purchase of the Vehicle.

D.   A copy of the security agreement signed by the Debtor granting Regional Acceptance Corporation a security interest in the Vehicle.

E.   Any other documents showing the date that the Debtor took possession of the Vehicle.

November 18, 2013 (JULIE)

The couirt entered the order on 11/19/13 requiring the debtor to appear at the Rule 2004 exam and produce documents. DMW November 20, 2013, 12:21 pm

The court entered the order on 11/18/13 authorizing the employment of counsel. DWM December 10, 2013, 03:17 pm

The trustee has received documents indicating that the lien of Regional Acceptance was not recorded on the title to the 2011 Chevrolet Impala within 30 days of the date the debtor took possession of the vehicle. The trustee will file an adversary proceeding to avoid this lien as a preference. DMW December 10, 2013, 03:18 pm

The initial claims review has been completed. No objections are needed. The trustee will file claims for those unsecured creditors that did not file due to the possible recovery of funds in this case. DMW December 10, 2013, 03:35 pm

The trustee filed claims for the following creditors:  Adena Radiology, Bartoe & Associates, CBCS, Department of

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 3

Exhibit A

| | | | |
|---|---|---|---|
| Case No: | 13-56142  JEH  Judge: John E. Hoffman, Jr. | Trustee Name: | David M. Whittaker |
| Case Name: | SECREST, RONALD L | Date Filed (f) or Converted (c): | 08/01/13 (f) |
| | | 341(a) Meeting Date: | 09/10/13 |
| | | Claims Bar Date: | 12/09/13 |

Veterans Affairs, FFCC-Columbus, Horizon, JP Recovery Systems, Patient Financial Services, Portfolio Recovery Associates, Regional Health, Ross Emergency Group PC Inc., Schumacher Group, South Central Power, Sprint, Stevens Disposal Inc., USAA, and Wisler Myers & Kalles Family. December 11, 2013 (JULIE)

The trustee filed a Complaint (1) to avoid lien on 2011 Chevrolet Malibu as preference and (2) to preserve the avoided lien for the benefit of the bankruptcy estate. The summons was issued and served and the answer date is January 16, 2014.
December 17, 2013 (JULIE)

Regional Acceptance Corporation has agreed to the avoidance of its lien and the trustee and Regional Acceptance Corporation have executed an Agreed Order granting the releif requested in the adversary proceeding. DMW January 17, 2014, 12:52 pm

The court entered the Agreed Order on 2/10/14 resolving the adversary proceeding against RAC. The trustee emailed the entered agreed order to RAC and requested the title to the 2011 Chevrolet Impala with the lien of RAC released. DMW February 10, 2014, 11:27 am

The trustee has received the title to the 2011 Chevrolet Malibu with the lien of RAC released. DMW February 28, 2014, 04:58 pm

The trustee filed a motion on 4/28/14 for the turnover of the 2011 Chevrolet Malibu and related documents and keys. Subsequent to the filing of the turnover motion the debtor cooperated with North Main Motors in turning over the vehicle. The trustee will withdraw the turnover motion. DMW May 09, 2014, 12:56 pm

The trustee has withdrawn the motion for turnover of the 2011 Chevrolet Impala. May 16, 2014 (JULIE)

The trustee sent an email to M. Ropp at North Main Motors regarding the status of the inspection of the 2011 Chevrolet Impala. DMW June 07, 2014, 01:56 pm

The trustee sent a follow up email to M. Ropp. DMW July 22, 2014, 12:40 pm

North Main Motors has made an offer to purchase the 2011 Chevrolet Impala for $8500. N. Ropp will provide the trustee

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 4
Exhibit A

| | | | |
|---|---|---|---|
| Case No: | 13-56142   JEH   Judge: John E. Hoffman, Jr. | Trustee Name: | David M. Whittaker |
| Case Name: | SECREST, RONALD L | Date Filed (f) or Converted (c): | 08/01/13 (f) |
| | | 341(a) Meeting Date: | 09/10/13 |
| | | Claims Bar Date: | 12/09/13 |

with photos of the vehicle and supporting documentation for the offer. DMW July 22, 2014, 02:13 pm

North Main Motors has been inovled in the moving of its offices and facilities over the last few months and this move delayed the sending of the supporting documents to the trustee on the purchase of the 2011 Chevrolet Impala. The trustee has been advised tht he will receive the supporting documents within the next week and the trustee will then prepare the sale motion. North Main Motors is also to provide the trustee with evidence that the 2011 Chevrolet Impala is insured while in the possession of North Main Motors. DMW October 25, 2014, 01:15 pm

The trustee filed a motion to sell the 2011 Chevrolet Impala LS.

1. ASSET TO BE SOLD - The Trustee requests authority to sell the Debtor's 2011 Chevrolet Impala LS (the "Vehicle").

2. THE PURCHASER - The Purchaser of the Vehicle will be North Main Motors Inc. ("North Main Motors" or the "Purchaser").

3. THE PURCHASE PRICE - The purchase price for the Vehicle is $8,500.00 (the "Purchase Price"). The Purchase Price will be paid by North Main Motors to the Trustee in full within 20 days of the entry of the Order authorizing the sale of the Vehicle.

4. OTHER TERMS OF THE SALE -

   A. Sale of the Vehicle Free and Clear of Liens, Claims, Interests and Encumbrances - The Trustee requests that the Court order that pursuant to the provisions of 11 U.S.C. § 363, the sale of the Vehicle shall be free and clear of all liens, claims, interests and encumbrances of any person or entity receiving notice of the sale to the maximum extent allowable. Any liens, claims, interests or encumbrances regarding the Vehicle will transfer to the proceeds from the sale of the Vehicle in the same order and priority as existed on the Petition Date.

The Trustee further requests that the Order authorizing the Sale (the "Order") shall be sufficient evidence of the transfer of ownership to the Vehicle free and clear of liens, claims, interests and encumbrances and the sale consummated pursuant to the Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, including, without limitation, all filing agents, filing officers, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each person and entity will be directed to accept the Order and to rely upon the Order in consummating the transactions contemplated.

The Trustee further requests that the Court order that any creditor or other party claiming a lien, claim, interest or encumbrance with respect to the Vehicle shall be deemed to have consented to the sale of the Vehicle pursuant to Section 363(f) unless the creditor or party objects to the proposed sale.

   B. Purchaser of the Vehicle as Good Faith Purchaser - The Trustee requests that the Court find and order that North

| | | | |
|---|---|---|---|
| Case No: | 13-56142    JEH    Judge: John E. Hoffman, Jr. | Trustee Name: | David M. Whittaker |
| Case Name: | SECREST, RONALD L | Date Filed (f) or Converted (c): | 08/01/13 (f) |
| | | 341(a) Meeting Date: | 09/10/13 |
| | | Claims Bar Date: | 12/09/13 |

Main Motors will have purchased the Vehicle in good faith and that the provisions of 11 U.S.C. § 363(m) are applicable to the sale of the Vehicle and that any reversal or modification by an appeal court of the Order authorizing the sale shall not affect the validity of the sale.

   C.  Trustee's Authorization to Sign Documents and to Take Actions Necessary to Complete the Sale - The Trustee requests that the Court authorize the Trustee to sign all necessary documents to transfer the Vehicle to North Main Motors, including signing the Certificate of Title, and that the Court further authorize the Trustee to sign any other documents or take any other actions necessary to complete the sale of the Vehicle as authorized by the Order granting this Motion.

   D.  "As Is" Transaction - The Trustee requests that the Court order that the Trustee shall not be required to make any representations or warranties of any kind whatsoever, express or implied, with respect to any matter relating to the Vehicle and that the Purchaser will acquire the Vehicle "as is" and based upon the Purchaser's own inspection.

   E.  Payment of Filing Fee Regarding Sale Motion - The Trustee requests that the Court authorize the Trustee to pay the Court filing fee for the sale of the Vehicle and that this filing fee will be the Trustee's expense and not an expense of the Purchaser.

5.  REQUEST FOR RELIEF UNDER BANKRUPTCY RULE 6004 - Bankruptcy Rule 6004(h) provides that an order authorizing the sale of a debtor's property is stayed for a period of fourteen (14) days after entry of the order unless the court orders otherwise.  The Trustee requests that the Order approving this Motion be effective immediately, by providing that the fourteen (14) day stay is inapplicable.  The Trustee believes that it is in the best interest of the bankruptcy estate to complete the sale of the Vehicle as soon as possible.

November 17, 2014 (JULIE)

The court entered the order on 12/13/14 authorizing the sale of the 2011 Chevrolet Impala. DMW December 23, 2014, 04:38 pm

An email was sent to Misty Ropp at North Main Motors about scheduling a time to close on the sale of the 2011 Chevrolet Impala. DMW December 23, 2014, 04:46 pm

The trustee has scheduled a closing for 1/6/15 with North Main Motors on the sale of the 2011 Chevrolet Impala. DMW December 26, 2014, 10:17 am

The closing on the sale of the 2011 Chevrolet Impala has been reschedurled for 1/8/15. DMW January 07, 2015, 10:32 am

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 6

Exhibit A

| | | | |
|---|---|---|---|
| Case No: | 13-56142   JEH   Judge: John E. Hoffman, Jr. | Trustee Name: | David M. Whittaker |
| Case Name: | SECREST, RONALD L | Date Filed (f) or Converted (c): | 08/01/13 (f) |
| | | 341(a) Meeting Date: | 09/10/13 |
| | | Claims Bar Date: | 12/09/13 |

The closing on the sale of the 2011 Chevrolet Impala was completed on 1/8/15 and the purchase price was paid by North Main Motors. DMW January 09, 2015, 10:59 am

The trustee filed a Report of Sale of the 2011 Chevrolet Impala LS. January 14, 2015 (JULIE)

The TFR and related documents were submitted to the US Trustee on 1/15/15. DMW

The TFR was filed on 1/15/15. DMW

The Notice of Trustee's Final Report and Applications for Compensation and Deadline to Object (NFR) was filed. January 15, 2015 (JULIE)

Initial Projected Date of Final Report (TFR): 11/30/14        Current Projected Date of Final Report (TFR): 03/30/15

/s/    David M. Whittaker
_____ Date: 01/28/15
DAVID M. WHITTAKER

**FORM 2**

Page: 1

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | | |
|---|---|---|
| Case No: | 13-56142 -JEH | |
| Case Name: | SECREST, RONALD L | |
| Taxpayer ID No: | 61-6528417 | |
| For Period Ending: | 01/28/15 | |

| | |
|---|---|
| Trustee Name: | David M. Whittaker |
| Bank Name: | BANK OF KANSAS CITY |
| Account Number / CD #: | *******1530  Checking - Non Interest |
| Blanket Bond (per case limit): | $ 2,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 01/09/15 | 9 | NORTH MAIN MOTORS<br>DBA NORTH MAIN INVENTORY<br>1001 E FIFTH ST<br>MARYSVILLE, OH 43040 | Liquidation of Schedule B Property | 1129-000 | 8,500.00 | | 8,500.00 |

|  |  |  |  |
|---|---|---|---|
| COLUMN TOTALS | | 8,500.00 | 0.00 | 8,500.00 |
| Less: Bank Transfers/CD's | | 0.00 | 0.00 | |
| Subtotal | | 8,500.00 | 0.00 | |
| Less: Payments to Debtors | | | 0.00 | |
| Net | | 8,500.00 | 0.00 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Checking - Non Interest - ********1530 | 8,500.00 | 0.00 | 8,500.00 |
| | 8,500.00 | 0.00 | 8,500.00 |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals      8,500.00      0.00

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: January 28, 2015 |
|---|---|---|---|---|---|---|

Case Number: 13-56142  
Debtor Name: SECREST, RONALD L  
Claims Bar Date: 12/09/13

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class / Notes | | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 001<br>2200-00 | DAVID M. WHITTAKER TRUSTEE<br>100 SOUTH THIRD STREET<br>COLUMBUS OH 43215 | Administrative<br>Trustee Expenses | | $0.00 | $513.08 | $513.08 |
| 001<br>2100-00 | DAVID M. WHITTAKER TRUSTEE<br>100 SOUTH THIRD STREET<br>COLUMBUS OH 43215 | Administrative<br>Trustee Compensation - the maximum allwable compensation is $1600. The trustee filed an adversary proceeding in this case in error so the trustee is voluntarily reducing his compensation to $1250 to allow for the payment of the $350 filing fee for the erroneous filing without any harm to the bankruptcy estate. | | $0.00 | $1,250.00 | $1,250.00 |
| 001<br>2700-00 | Clerk, United States Bankruptcy Court<br>170 North High Street<br>Columbus OH 43215 | Administrative<br>Filing Fee for Adversary Proceeding No. 13-02442 | | $0.00 | $293.00 | $293.00 |
| 001<br>2700-00 | Clerk, United States Bankruptcy Court<br>170 North High Street<br>Columbus OH 43215 | Administrative<br>Filig Fee for Adversary Proceeding No. 15-02001. This Adversary Proceeding was filed in thsi case in error. So to avoid harm to the bankruptcy estate due to the trustee's error in the filing of this Adversary Proceeding the trustee has voluntarily reduced his staturoty compensation from the maximum allowable amount of $1600 to $1250. | | $0.00 | $350.00 | $350.00 |
| 000004A<br>058<br>5800-00 | Ohio Department of Taxation<br>Bankruptcy Division<br>P.O. Box 530<br>Columbus, OH 43216 | Priority   Filed 10/24/13<br>This is the priority portion of claim no. 4 | | $2,965.98 | $181.84 | $181.84 |
| 000024A<br>058<br>5800-00 | Ohio Department of Taxation<br>C/O Attorney General State of Ohio<br>Collection Enforcement<br>150 East Gay Street 21st Floor<br>Columbus OH 43215 | Priority<br>This is the priority portion of Claim No. 24 | | $0.00 | $919.94 | $919.94 |
| 000001<br>070<br>7100-00 | Cavalry Investments LLC<br>Cavalry Portfolio Services<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595 | Unsecured   Filed 08/22/13 | | $0.00 | $451.77 | $451.77 |
| 000002<br>070<br>7100-00 | Jefferson Capital Systems LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-9617 | Unsecured   Filed 09/24/13 | | $0.00 | $974.29 | $974.29 |
| 000003<br>070<br>7100-00 | Adena Health System<br>c/o Trevor J. Innocenti<br>117 W. Main Street, Ste. 206<br>Lancaster, OH 43130 | Unsecured   Filed 10/08/13 | | $4,886.82 | $3,516.44 | $3,516.44 |
| 000004B<br>070<br>7100-00 | Ohio Department of Taxation<br>Bankruptcy Division<br>PO Box 530<br>Columbus OH 43216 | Unsecured   Filed 10/24/13<br>This is the unsecured protion of claim no. 4 | | $0.00 | $309.16 | $309.16 |

| Page 2 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: January 28, 2015 |
|---|---|---|---|---|---|---|

Case Number:   13-56142                     Claim Class Sequence
Debtor Name:   SECREST, RONALD L
Claims Bar Date: 12/09/13

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 000005<br>070<br>7100-00 | LVNV Funding, LLC its successors and assigns as assignee of CVF Consumer Acquisition Company<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Unsecured | Filed 12/02/13 | $0.00 | $714.58 | $714.58 |
| 000006<br>070<br>7100-00 | Adena Radiology<br>P.O. Box 7169<br>Columbus, OH 43205 | Unsecured | Filed 12/11/13<br>The trustee filed this claim pursuant to FRBP 3004 | $42.78 | $42.78 | $42.78 |
| 000007<br>070<br>7100-00 | Bartoe & Associates<br>Po Box 70<br>Napoleon, OH 43545 | Unsecured | Filed 12/11/13<br>The trustee filed this claim pursuant to FRBP 3004 | $382.66 | $382.66 | $382.66 |
| 000008<br>070<br>7100-00 | CBCS<br>P.O. Box 69<br>Columbus, OH 43216 | Unsecured | Filed 12/11/13<br>The trustee filed this claim pursuant to FRBP 3004 | $43.56 | $43.56 | $43.56 |
| 000009<br>070<br>7100-00 | Department of Veterans Affairs<br>Po Box 530269<br>Atlanta, GA 30353 | Unsecured | Filed 12/11/13<br>The trustee filed this claim pursuant to FRBP 3004 | $147.84 | $147.84 | $147.84 |
| 000010<br>070<br>7100-00 | FFCC-Columbus<br>P.O. Box 20790<br>Columbus, OH 43220 | Unsecured | Filed 12/11/13<br>The trustee filed this claim pursuant to FRBP 3004 | $661.00 | $661.00 | $661.00 |
| 000011<br>070<br>7100-00 | Horizon<br>68 E. Main St.<br>P.O. Box 480<br>Chillicothe, OH 45601 | Unsecured | Filed 12/11/13<br>The trustee filed this claim pursuant to FRBP 3004 | $31.86 | $31.86 | $31.86 |
| 000012<br>070<br>7100-00 | Jp Recovery Systems<br>Po Box 16749<br>Rocky River, OH 44116 | Unsecured | Filed 12/11/13<br>The trustee filed this claim pursuant to FRBP 3004 | $393.31 | $393.31 | $393.31 |
| 000013<br>070<br>7100-00 | Patient Financial Services<br>1375 Perry St.<br>Columbus, OH 43201-3177 | Unsecured | Filed 12/11/13<br>The trustee filed this claim pursuant to FRBP 3004 | $186.27 | $186.27 | $186.27 |
| 000014<br>070<br>7100-00 | Portfolio Recovery Associates<br>120 Corporate Blvd.<br>Ste 100<br>Norfolk, VA 23502 | Unsecured | Filed 12/11/13<br>The trustee filed this claim pursuant to FRBP 3004 | $523.00 | $523.00 | $523.00 |
| 000015<br>070<br>7100-00 | Regional Health<br>Dept 1378<br>Denver, CO 80256 | Unsecured | Filed 12/11/13<br>The trustee filed this claim pursuant to FRBP 3004 | $573.00 | $573.30 | $573.30 |
| 000016<br>070<br>7100-00 | Ross Emergency Group PC Inc.<br>MSC 320, Po Box 2955<br>San Antonio, TX 78299 | Unsecured | Filed 12/11/13<br>The trustee filed this claim pursuant to FRBP 3004 | $284.61 | $284.61 | $284.61 |

| Page 3 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: January 28, 2015 |

Case Number: 13-56142  
Debtor Name: SECREST, RONALD L  
Claims Bar Date: 12/09/13  

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 000017<br>070<br>7100-00 | Schumacher Group<br>Dept. 85972<br>Po Box 1259<br>Oaks, PA 19456 | Unsecured | Filed 12/11/13<br>The trustee filed this claimi pursuant to FRBP 3004 | $186.27 | $186.27 | $186.27 |
| 000018<br>070<br>7100-00 | South Central Power<br>P.O. Box 250<br>Lancaster, OH 43130 | Unsecured | Filed 12/11/13<br>The trustee filed this claim pursuant to FRBP 3004 | $86.66 | $86.66 | $86.66 |
| 000019<br>070<br>7100-00 | Sprint<br>Bankruptcy Department<br>1310 Martin Luther King Drive<br>Bloomington, IL 61701 | Unsecured | Filed 12/11/13<br>The trustee filed this claim pursuant to FRBP 3004 | $193.98 | $193.98 | $193.98 |
| 000020<br>070<br>7100-00 | Stevens Disposal Inc.<br>Po Box 456<br>Chillicothe, OH 45601 | Unsecured | Filed 12/11/13<br>The trustee filed this claim pursuant to FRBP 3004 | $49.38 | $49.38 | $49.38 |
| 000021<br>070<br>7100-00 | USAA<br>9800 Fredericksburg Rd.<br>San Antonio, TX 78288 | Unsecured | Filed 12/11/13<br>The trustee filed this claim pursuant to FRBP 3004 | $287.88 | $287.88 | $287.88 |
| 000022<br>070<br>7100-00 | Wisler, Myers & Kalles Family Dentistry<br>245 E. 8th St.<br>Chillicothe, OH 45601 | Unsecured | Filed 12/11/13<br>The trustee filed this claim pursuant to FRBP 3004 | $406.19 | $406.19 | $406.19 |
| 000023<br>070<br>7100-00 | Regional Acceptance Corporation<br>PO Box 1847<br>Wilson, NC 27894-1847 | Unsecured | Filed 02/12/14<br>This claim was filed as a result of the agreed order avoiding the lien of Regional Acceptance Corporation on the 2011 Chevrolet Impala. The agreed order was entered on 2/10/14 so this claim was timely filed pursuant to FRBP 3002 | $0.00 | $21,436.17 | $21,436.17 |
| 000024B<br>070<br>7100-00 | Ohio Department of Taxation<br>C/O Attorney General State of Ohio<br>Collection Enforcement<br>150 East Gay Street 21st Floor<br>Columbus OH 432215 | Unsecured | This is the unsecured portion of Claim No. 24 | $0.00 | $672.79 | $672.79 |
| | Case Totals: | | | $12,333.05 | $36,063.61 | $36,063.61 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-56142
Case Name: SECREST, RONALD L
Trustee Name: David M. Whittaker

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: David M. Whittaker | $ | $ | $ |
| Trustee Expenses: David M. Whittaker | $ | $ | $ |
| Charges: Clerk, United States Bankruptcy Court | $ | $ | $ |
| Other: Clerk, United States Bankruptcy Court | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses   $_____

Remaining Balance   $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000004A | Ohio Department of Taxation | $ | $ | $ |
| 000024A | Ohio Department of Taxation | $ | $ | $ |

Total to be paid to priority creditors  $_____

Remaining Balance  $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be         percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Cavalry Investments LLC | $ | $ | $ |
| 000002 | Jefferson Capital Systems LLC | $ | $ | $ |
| 000003 | Adena Health System | $ | $ | $ |
| 000005 | LVNV Funding, LLC its successors and assigns as | $ | $ | $ |
| 000006 | Adena Radiology | $ | $ | $ |
| 000007 | Bartoe & Associates | $ | $ | $ |
| 000008 | CBCS | $ | $ | $ |
| 000009 | Department of Veterans Affairs | $ | $ | $ |
| 000010 | FFCC-Columbus | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000011 | Horizon | $ | $ | $ |
| 000012 | Jp Recovery Systems | $ | $ | $ |
| 000013 | Patient Financial Services | $ | $ | $ |
| 000014 | Portfolio Recovery Associates | $ | $ | $ |
| 000015 | Regional Health | $ | $ | $ |
| 000016 | Ross Emergency Group PC Inc. | $ | $ | $ |
| 000017 | Schumacher Group | $ | $ | $ |
| 000018 | South Central Power | $ | $ | $ |
| 000019 | Sprint | $ | $ | $ |
| 000020 | Stevens Disposal Inc. | $ | $ | $ |
| 000021 | USAA | $ | $ | $ |
| 000022 | Wisler, Myers & Kalles Family Dentistry | $ | $ | $ |
| 000023 | Regional Acceptance Corporation | $ | $ | $ |
| 000004B | Ohio Department of Taxation | $ | $ | $ |
| 000024B | Ohio Department of Taxation | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

Remaining Balance                                            $_____

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

      Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE